## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 15 2021, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles D. Lambright, *Appellant-Defendant*, | January 15, 2021 |
| v. | Court of Appeals Case No. 20A-CR-1533 |
| | Appeal from the Elkhart Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Gretchen S. Lund, Judge |
| | Trial Court Cause No. 20D04-2002-F6-290 |

**Brown, Judge.**

Charles D. Lambright appeals his sentence for theft as a level 6 felony and asserts his sentence is inappropriate. We affirm.

*Facts and Procedural History*

On July 24, 2019, Lambright knowingly exerted unauthorized control over merchandise of Chalet Party Shoppe in Goshen with the intent to deprive it of the value of the property. Lambright cites portions of the probable cause affidavit and asserts in his appellant's brief that he had attempted to purchase two beers but was refused due to appearing intoxicated, the store clerk observed a strong odor of alcohol from him and that he had difficulty walking, he was advised to leave, he "grabbed two (2) four-packs" of Fireball "valued at $8.11, on his way out," and law enforcement located him in a nearby parking lot and found the two packs of Fireball. Appellant's Brief at 5-6 (citing Appellant's Appendix Volume II at 11).

The State charged Lambright with theft as a level 6 felony and alleged he had a previous conviction for conversion. Lambright pled guilty without the benefit of a plea agreement. At sentencing, Lambright's counsel argued "[t]he item . . . we are dealing with in this case . . . was a six-pack of little alcohol in the little shooter bottles of . . . the cinnamon stuff . . . it had a value of . . . $8.11." Transcript Volume II at 22. The court found the aggravating circumstances included Lambright's history of criminal activity, his prior violations of community supervision, the fact he was on parole at the time of the offense and had a pending probation violation, other forms of sanctions had proven unsuccessful, and he had not taken advantage of programs or alternative

sentences offered to him. The court found the mitigating circumstances included that Lambright had taken responsibility for his actions and pled guilty without the benefit of a plea agreement. The court sentenced Lambright to two years and ordered: "Sentence to be served at [Elkhart County Jail]. Court will commit to a modification of placement into community based program, community corrections, probation, or early release if [Lambright] successfully completes Substance Abuse Phases 1 and 2 and MRT at ECJ." Appellant's Appendix Volume II at 66.

## Discussion

[4] Lambright claims his executed, enhanced sentence of two years is inappropriate. He argues the offense was minimal in nature and was at its core a misdemeanor offense, there is no evidence that any individual was in danger or that property was damaged, and the merchandise had a value of only $8.11. He argues that he was cooperative with police and pled guilty without the benefit of a plea agreement.

[5] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years with the advisory sentence being one year.

[7] Our review of the nature of the offense reveals that Lambright knowingly exerted unauthorized control over merchandise of Chalet Party Shoppe, that being liquor valued at $8.11, with the intent to deprive it of the value of the property and had a previous unrelated conviction for conversion. A store employee had refused to allow him to purchase beer due to a strong odor of alcohol about his person and his difficulty walking.

[8] Our review of the character of the offender reveals that Lambright pled guilty without the benefit of a plea agreement. The presentence investigation report ("PSI") states that Lambright, who was born in 1956, reported that he began regularly consuming alcohol in his adolescence and had over fifty years of alcohol abuse with some periods of abstinence. He reported that he received alcohol treatment at Richmond Hospital in 1972, at Life Treatment Center in 1997, and via the CLIFF Program through the Indiana Department of Correction in 2007 and 2016. According to the summary of legal history in the PSI, Lambright's criminal history includes misdemeanor convictions for reckless driving in 1975; driving while suspended in 1976; possession of marijuana in 1980; nine convictions for public intoxication between 1979 and 2019; driving while intoxicated in 1979 and 1995; criminal recklessness and fleeing in 1979; criminal mischief in 1984; assault in 1987; battery in 1999; resisting arrest in 1999; and criminal conversion in 1999, 2002, and 2011. The

PSI provides that Lambright has felony convictions for burglary in 1976, 2006, and 2015; driving while intoxicated in 1985 and 1997; armed robbery in 1988; residential entry in 1999; and theft in 2003. It also notes that he has had at least nine public intoxication charges dismissed. He was on parole when he committed the instant offense. He was previously unsatisfactorily discharged from probation. The PSI indicates Lambright's overall risk assessment score using the Indiana Risk Assessment System places him in the high risk to reoffend category. We also note the court left open a modification of placement based upon Lambright receiving treatment.

[9] After due consideration, we conclude that Lambright has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

[10] For the foregoing reasons, we affirm Lambright's sentence.

[11] Affirmed.

Vaidik, J., and Pyle, J., concur.